This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **No. 34,094**

**SABASTIANO BERSANE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}     Defendant has appealed from a conviction for aggravated battery on a household member (great bodily harm). We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     Defendant has raised a single issue, contending that the district court erred in excluding evidence of the victim's historic methamphetamine use. [DS 11; MIO 6] Relying on the right to confrontation, he continues to assert that he should have been permitted to cross-examine the victim on this subject for the purpose of attacking her perceptions and memory of the pertinent events. [DS 11; MIO 6-10]

{3}     Below, the district court considered Defendant's offer of proof outside the presence of the jury. [MIO 3-4] The victim admitted that she and Defendant had used methamphetamine for approximately two years, up to and including two days prior to the events out of which Defendant's conviction arose. [MIO 4] However, the victim "was adamant that her drug use did not affect her memory." [MIO 4] We find no indication that Defendant presented any further evidence, scientific or otherwise, to rebut the victim's assertion. [DS 3-11; MIO 1-10] After hearing the victim's testimony, the district court ruled that defense counsel had failed to lay a sufficient foundation to show that the victim's methamphetamine use affected her memory or

2

perception of the events in question, and also concluded that the evidence of the victim's methamphetamine use was more prejudicial than probative. [MIO 4]

{4} We remain unpersuaded that the district court erred. As we previously observed, in light of the victim's "adamant" assertion that her drug use did not affect her memory, the district court could reasonably have concluded that any probative value was substantially outweighed by prejudicial effect. *See, e.g., State v. Meadors*, 1995-NMSC-073, ¶¶ 31, 33, 121 N.M. 38, 908 P.2d 731 (upholding the district court's limitation of cross-examination concerning the extent of the victim's drug abuse, in light of its limited probative value and the prejudicial effect of the evidence); *State v. Trujillo*, 2012-NMCA-112, ¶ 54, 289 P.3d 238 (concluding that proffered evidence of the victim's drug dealing and/or consumption was properly excluded as more prejudicial than probative). Although we understand Defendant to suggest that the district court should have weighed the evidence differently, [MIO 8-10] we decline to second-guess the district court's assessment. *See generally State v. Garcia*, 2005-NMCA-042, ¶ 50, 137 N.M. 315, 110 P.3d 531 (observing that the district courts are afforded "great discretion in balancing the prejudicial impact of [evidence] against its probative value" (internal quotation marks and citation omitted)).

{5}     In closing, we acknowledge that the limitations imposed on the scope of cross-examination in this case implicated Defendant's constitutional rights. [MIO 6-10] However, the right to confrontation is not unlimited.

> [T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. . . . [T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.

*State v. Montoya*, 2014-NMSC-032, ¶ 47, 333 P.3d 935 (internal quotation marks and citation omitted). In light of the marginal relevance and prejudicial effect of the evidence in question, we conclude that the reasonable limitations imposed on cross-examination in this case did not violate Defendant's constitutional right to confrontation.

{6}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{7}     **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

4

_____

**CYNTHIA A. FRY, Judge**

_____

**RODERICK T. KENNEDY, Judge**